UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-30-3-MU

| | |
|---|---|
| MANUEL C. BENITEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ALVIN W. KELLER, ) | |
| ) | |
| Respondent, ) | |
| ) | |

**THIS MATTER** comes before the court upon Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Respondent's Answer and Motion for Summary Judgment (Doc. Nos. 3 and 4); Petitioner's Motion for An Extension of Time (Doc. No. 7); Petitioner's "Motion and Request for Stay and Abeyance or Continuance" (Doc. No. 8); and Respondent's Opposition to the Motion for Stay and Abeyance (Doc. No. 9)

### I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the Petitioner's Petition reveals that Petitioner pled guilty to three counts of trafficking cocaine and was sentenced to 175 - 219 months imprisonment. Petitioner did not file an appeal. However, Petitioner filed a Motion for Appropriate Relief ("MAR") on May 27, 2008 which was denied on August 28, 2008. Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on October 9, 2008, which was dismissed on October 24, 2008. Petitioner filed the instant habeas petition in this Court on January 23, 2009.

1

## II. ANALYSIS

Absent a valid excuse, a state prisoner must exhaust her remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). Comity dictates that when a prisoner alleges that his confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review the claim and provide any necessary relief. Rose v. Lundy, 455 U.S. 509, 515-516 (1982). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims in state court. To satisfy the fair presentation requirement, "the state prisoner must give the state courts and opportunity to act on [her] claims before [she] presents those claims to a federal court in habeas corpus petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The fair presentation requirement has two components: (1) presentation of the same claim, and (2) presentation to all appropriate courts. Id. at 844. "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . .state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." Id. at 845.

Although Petitioner presented the substance of his current grounds for relief in his MAR and certiorari petition, he has failed to fully and properly exhaust state remedies because he did not attach to his certiorari petition, copies of his transcript of plea, judgment and commitment form or any other documentation to support his claims, as required by N.C.R. of App. P. Rule 21 (requiring copies of judgment, order or parts of record essential to understanding of claims).

Therefore, the North Carolina Court of Appeals simply dismissed his petition. However, such dismissal does not represent an adjudication of the certiorari petition, but merely a dismissal for failing to comply with the necessary procedural requirements. ("In the event the petitioner unreasonably delays in filing the petition or otherwise fails to comply with a rule of procedure, the petition shall be dismissed by the Court. In the event the petition is without merit, it shall be denied by the Court.") Petitioner contends that because the North Carolina Court of Appeals did not state a reason for the dismissal, he was not aware that his petition was dismissed because of his procedural error. He believed the dismissal was a final order and that he had exhausted his state court remedies. (See Doc. No. 8.)[1]

Petitioner has failed to fully and properly exhaust his state remedies and therefore the state court has not had a full opportunity to review his claims. Petitioner's petition is dismissed and Petitioner should be able to use the documents (i.e. transcript of plea and judgment and commitment form etc.,) filed in this case in order to re-file his certiorari petition in the North Carolina Court of Appeals and obtain an actual ruling on his certiorari petition rather than a

---

[1] The State, while pointing out that Petitioner has failed to fully and properly exhaust state remedies as required by 28 U.S.C. § 2254(b)(1)(A), has refused to waive non-exhaustion. The State would prefer that this Court deny Petitioner's contentions on the merits despite Petitioner's non-exhaustion and Respondent's refusal to waive non-exhaustion as this Court is authorized to do pursuant to 28 U.S.C. § 2254(b)(2). However, because Petitioner has requested that he be permitted to exhaust his claims, this Court will dismiss Petitioner's Petition so that he may exhaust his state remedies. The Court declines Petitioner's request to stay the proceedings while he exhausts. Slayton v. Smith, 404 U.S. 53, 54 (1971) (district court should dismiss a petition containing unexhausted claims rather than hold the petition in abeyance while the petition exhausts state remedies); Evans v. Smith, 220 F.3d 306, 321-22 (4th Cir. 2000) (district court's refusal to hold a petition in abeyance pending exhaustion is reviewed for abuse of discretion).

dismissal.[2]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Petitioner's Petition for Writ of Habeas Corpus is Dismissed without prejudice;

(2) Petitioner's Motion for Extension of Time (Doc. No. 7) is denied as moot; and

(3) Petitioner's Motion for a Stay and Abeyance (Doc. No. 8) is denied.

**SO ORDERED**.

Signed: April 1, 2009

Graham C. Mullen
United States District Judge

---

[2] The Court cautions that Petitioner should be mindful of the one-year limitations period outlined in the Antiterrorism and Effective Death Penalty Act if he plans to re-file a 2254 petition in this Court after exhausting his state court remedies.